UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANA STRONG, | ) | CASE NO. 1:18 CV 1232 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | |
| CLIFFORD PINKNEY, et al., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

*Pro se* Plaintiff Dana Strong has filed in this Court a civil rights action under 28 U.S.C. § 1983 against Clifford Pinkney, the Sheriff of the Cuyahoga County Jail; Kenneth Mills, Director of Regional Corrections; Cuyahoga County Prosecutor Michael O'Malley; Cleveland Detective Mr. Hayduk; and Cleveland Police Officers Mr. DeJesus and Mr. Roberts. (Doc. 1.) At the time he filed his complaint, Plaintiff was a prisoner in the Cuyahoga County Jail. (Doc. 1 at 2.) For the reasons stated below, the Court dismisses Plaintiff's complaint under 28 U.S.C. § 1915A.

## BACKGROUND

Plaintiff filed his complaint on May 31, 2018. (Doc. 1.) His claim in its entirety is:

> I am the defiant one in a bizarre case that is essentially nothing more than slander and entrapment. But if you would like me to elaborate, then I shall. In a memorandum that I will mail to you very soon.

(Doc. 1 at 3.) For relief, he requests his "liberty, immediately" and monetary damages of $300,000.00. (*Id.* at 6.)

Plaintiff has not filed the supplemental memorandum he stated he would. But he attaches to his complaint a "Memorandum" (Doc. 1-1) and "Motion for Bond Reduction" (Doc. 1-2) that provide some indication of the legal claims and factual basis for those claims that he may be alleging here. He apparently filed these documents in the Cuyahoga County Court of Common Pleas in the criminal case for which he was imprisoned at the time he filed his complaint (Case No. CR-17-624310-A). According to the state court's online docket, Plaintiff was charged in that action in December 2017 with two counts of felonious assault and one count of tampering with evidence. *See* https://cpdocket.cp.cuyahogacounty.us/CR_CaseInformation_Summary.aspx. That case was dismissed without trial on June 20, 2018. *Id.*

Plaintiff alleges in the "Memorandum" that he has been deprived of due process and that the Cleveland police conducted "an illicit, prejudicial, and incomplete investigation," including an unlawful search and seizure in violation of his Fourth Amendment rights. (*See* Doc. 1-1 at 1-2, 5-6.) He states that Defendant Cleveland Police Officer Roberts, his partner, and their sergeant entered his apartment and searched it without his consent, a warrant, or probable cause. (*Id.* at 5.) He claims he asked Officer Roberts how they were able to get into the apartment and Roberts told him the door was open, but he contends the door was "most definitely closed and, hopefully, locked." (*Id.* at 6.)

## ANALYSIS

*Pro se* pleadings must be liberally construed. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam) (noting that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). But this principle is not without limits. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up

questions never squarely presented to them or to construct full-blown claims from sentence fragments. *Id.* at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*; *see also Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001) ("Although liberal construction requires active interpretation of the filings of a pro se litigant, . . . it . . . does not require a court to conjure allegations on a litigant's behalf . . . .") (internal citations omitted).

Indeed, district courts are expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity or officer or employee of a governmental entity as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Merely stating legal conclusions or reciting the elements of a cause of action also will fail to meet this pleading standard. *Id.*

Even construing Plaintiff's complaint liberally, he has not met basic pleading requirements or stated a claim upon which relief may be granted. Plaintiff's due process and Fourth Amendment claims are wholly conclusory and lack coherent factual allegations sufficient to state a plausible federal claim against the named defendants. His sole assertion – that police entered his residence through a closed and "hopefully" locked door and searched it without his consent, a warrant, or probable cause – merely states a legal conclusion without sufficient facts to state a claim for relief. The complaint, therefore, must be dismissed pursuant to § 1915A. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *Gilmore v. Corr. Corp. of Am.*, 92 Fed. Appx. 188, 190 (6th Cir. 2004) (where a person is named as a defendant in a case without an allegation of specific conduct, a complaint is subject to dismissal even under the liberal construction afforded *pro se* pleadings).

Additionally, Plaintiff fails to state a claim against the individual Defendants except for Officer Roberts. A plaintiff cannot establish the liability of any defendant absent a clear showing

4

that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Here, Plaintiff asserts specific allegations against only Officer Roberts in his complaint; there no allegations whatsoever against the other Defendants connecting them to any claims for relief. All Defendants aside from Officer Roberts, therefore, are dismissed for that reason.

## CONCLUSION

Accordingly, Plaintiff's complaint (Doc. 1) is dismissed under 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Dated: August 16, 2018

DONALD C. NUGENT
United States District Judge